No. 35,809

R. B. SWEARENGIN, *Appellant*, v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, *Appellee*.

(135 P. 2d 564)

Opinion filed April 10, 1943.

*J. E. Addington*, of Topeka, argued the cause for the appellant.

*Shelley Graybill*, assistant attorney general, argued the cause, and *A. B. Mitchell*, attorney general, and *John H. Murray*, county attorney of Leavenworth county, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was a habeas corpus proceeding. The petitioner is a prisoner in the state penitentiary. The trial court, after a hearing, denied the writ, and the petitioner appeals.

In this court petitioner's motion that an attorney be appointed to represent him was granted. The court appointed J. E. Addington, Esq., of Topeka, an attorney with a varied and extensive experience. He has greatly aided the court in preparing an abstract of the record. He also prepared and filed a brief and orally argued the cause for the petitioner. The record before us may be summarized as follows: On January 9, 1941, the county attorney of Montgomery county filed a complaint before a justice of the peace charging John Cramer, George Reese and R. B. Swearengin, acting jointly and together, with the crime of highway robbery, as that offense is defined in our statute (G. S. 1935, 21-527), on the 31st day of December, 1940. A warrant was issued on this complaint. The defendants named therein were arrested and taken before a justice of the peace, where they pleaded not guilty. Their preliminary hearing was set for January 14. On that date they were brought into court. The state introduced its evidence, defendants introduced evidence, and the justice of the peace found that the crime of robbery in the first degree had been committed, and there was probable cause to believe defendants committed the crime, and bound them over for trial in the district court. On January 16 an information was filed charging all three of the defendants jointly with the offense charged in the complaint. On that day John Cramer and George Reese appeared with their attorney, W. J. Burns, and each entered a plea of guilty and was sentenced, as provided by statute (G. S. 1935, 21-530), to the state industrial reformatory at Hutchinson. On January 30 an amended information was filed charging R. B. Swearengin, acting jointly and together with certain other persons, namely, George Reese and John Cramer, with the offense of robbery in the first degree, being the same identical offense charged in the previous information. On February 6 defendant was brought into court without counsel, whereupon the court inquired of him if he was represented by counsel, and being answered in the negative further inquired if he had money or property with which to employ counsel, to which defendant replied in the negative. The court thereupon appointed W. J. Burns, a reputable member of the bar, to represent

him. Thereafter and on February 12, the case came on for trial before a jury and was concluded the next day, the verdict being "guilty." Defendant filed a motion for a new trial, which was overruled, and the sentence authorized by statute was imposed. The record clearly appears that defendant was represented throughout the trial and sentence by counsel.

Both in the court below and here the petitioner's principal contention is that he was sentenced on an amended information which was filed after his trial, and that he never had a trial upon the amended information upon which he was sentenced. The record disproves that contention. The petitioner also contends that he was charged with two offenses, namely, being an accessory before the fact and an accessory after the fact, and points out that those are separate offenses. The trouble with the contention is that he was not so charged. Clearly the information charged him with the offense of robbery in the first degree. He was not charged either with being an accessory before the fact nor with being an accessory after the fact.

We find nothing else in the case worthy of mention. The judgment of the court below is affirmed.